(612 P.2d 1257)
No. 50,974

HAROLD SMITH, *Appellee,* v. BETTY JO SMITH, *Appellant.*

Opinion filed June 27, 1980.

*Michael J. Friesen,* of Garden City, for the appellant.

*Lelyn J. Braun,* of Braun & Nyswonger, of Garden City, for the appellee.

Before SPENCER, P.J., ABBOTT and PARKS, JJ.

PARKS, J.: This is an appeal by the defendant wife in a divorce action contesting the trial court's division of property.

Betty and Harold Smith are both in their early fifties and were married for six years. Prior to this marriage, Betty was employed as a secretary and held property valued at $7,000. Harold brought assets with a net value of over $100,000 into the marriage. The estimated value of the property owned by the Smiths at the time of their divorce varied from $208,600 to $423,941 (based on plaintiff Harold Smith's exhibits) to more than $500,000 (defendant Betty Smith's estimation).

At the conclusion of the first hearing, the trial court awarded Betty $105,177.80, which represented one-half of the assets owned by the Smiths. Harold moved for a new trial alleging that the court did not take into consideration the extensive liabilities

incurred against the assets. At the second trial, the court substantially altered its prior judgment by awarding defendant $7,000 for the items she brought into the marriage, $16,350 for her share of the net increase in assets during the marriage and alimony of $9,600, payable at $200 a month.

Betty then moved for a new trial on the grounds of newly discovered evidence. The trial court denied the motion and reinstated the judgment of the second hearing. Betty now appeals.

Defendant first contends that the trial court erred in denying her motion for a new trial. The motion was premised on K.S.A. 60-259(*a*) *Fifth* which provides that a new trial may be granted, "For newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." Affidavits and testimony were presented which indicated that defendant learned on January 11, 1979 (some nine days after the hearing), that Harold had sold an interest in his company, Calf Feeders, Inc., for $250,000. Because this property was valued at $47,800 in plaintiff's exhibits, defendant maintained that evidence of the transaction was material.

Plaintiff responded and the trial court held that the evidence, though material, could have been discovered through the exercise of reasonable diligence because prior to the first trial, plaintiff's answer to an interrogatory put defendant on notice that Calf Feeders, Inc., was listed for sale with a real estate agent at an asking price of $250,000.

Plaintiff further argues that he had no duty to voluntarily supplement his answer to the interrogatory with information concerning the impending sale or lease of the plaintiff's interest in the property. We disagree.

K.S.A. 60-226 provides:

(*e*) "A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

. . . .

"(2) . . .

"(B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment."

Here, the evidence reveals that plaintiff hired Mr. Christofferson on November 1, 1978, and began negotiations then for the lease and purchase of the feed lot. Actual transition of the man-

agement of the feed lot took place January 1, 1979, the day before the second trial. Although the contract was dated January 16, the ten-year term began on January 1. The total rent under the contract was $362,500, to be paid in installments of $3,020.83 each month and the lessees were given an option to purchase the property for an additional $25,000 on or before the expiration of the lease term, provided the rent was paid in full. There was also evidence that certain personal property was sold by the plaintiff as part of these negotiations. It is clear from the record that neither the trial court nor the defendant was aware of these transactions when the court entered its order January 9.

It is our opinion that the negotiations of the lease purchase contract and the sale of personal property were matters which the trial court should have considered in its division of the marital property. Under the facts and circumstances of this case, we conclude that the failure to supplement the original discovery response was in substance a knowing concealment under K.S.A. 60-226. It was this concealment, rather than a lack of diligence which prohibited the defendant from producing the material evidence at trial. Accordingly, the denial of a new trial was error.

Defendant next contends that the trial court abused its discretion in dividing the property. The division of property upon divorce is controlled by K.S.A. 1979 Supp. 60-1610(*c*) which states:

"The decree shall divide the real and personal property of the parties, whether owned by either spouse prior to marriage, acquired by either spouse in his or her own right after marriage, or acquired by their joint efforts, in a just and reasonable manner, either by a division of the property in kind, or by setting the same or a part thereof over to one of the spouses and requiring either to pay such sum as may be just and proper, or by ordering a sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale."

In determining a just and reasonable division, the trial court may consider the ages of the parties and the property owned by each; duration of the marriage; earning capacities; the time, source and manner of acquiring the property; family ties and obligations; questions of fault when determined; and allowance of alimony or lack thereof. *Downing v. Downing,* 218 Kan. 549, 550, 542 P.2d 709 (1976). Where the exercise of discretion is arbitrary and not judicial, and the judgment is inequitable, it will be set aside. *St. Clair v. St. Clair,* 211 Kan. 468, 499, 507 P.2d 206 (1973).

Defendant is entitled to an equitable portion of all property owned by the parties, whether owned by either spouse in his or her own right after marriage or acquired by their joint efforts. *LaRue v. LaRue,* 216 Kan. 242, 250, 531 P.2d 84 (1975); *Zeller v. Zeller,* 195 Kan. 452, 407 P.2d 478 (1965); and K.S.A. 1979 Supp. 60-1610(*c*). Nonetheless, the trial court took the view that the defendant was only entitled to one-half ($16,350) of the "net increase of the parties' assets during the course of the marriage."

We conclude that the trial court abused its discretion by arbitrarily limiting the defendant's award to the increase in the value of the property during the marriage. Without question, the award was contrary to the mandate of K.S.A. 1979 Supp. 60-1610(*c*) which requires that all of the property be divided in a just and reasonable manner.

Because we are compelled to reverse the case, the motion filed in this court by defendant's counsel for allowance of attorney fees on appeal will be determined by the district court upon final disposition of the case.

Judgment is reversed and the case is remanded for a new trial.