No. 80-39

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

JAMES EBERT,

                   Petitioner and Respondent,

    -vs-

ETHEL EBERT,

               Respondent and Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade, The Honorable
H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Marra, Wenz, Iwen, Johnson & Hopkins, Great Falls,
Montana

For Respondent:

David V. Gliko, Great Falls, Montana

---

Submitted on Briefs: July 7, 1980

Decided: SEP 17 1980

Filed: SEP 17 1980

*Thomas J. Kearney*
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Ethel Ebert appeals from that portion of a marriage dissolution decree entered in Cascade County District Court, affecting the property distribution, child support, and denying her request for moving expenses and attorney fees.

Her primary contention with relation to property distribution is that the trial court erroneously ruled that a military pension is not marital property. After the entry of the trial court order, we held in In Re Marriage of Miller (1980), ___ Mont. ___, 609 P.2d 1185, 37 St.Rep. 556, that a military pension is marital property to be considered as part of the marital estate. This decision was rendered before the parties filed their briefs on appeal. Unfortunately, they did not recognize that Miller must, of necessity, require a remand so that the issue of the military pension can be determined again. The parties should have petitioned this Court to dismiss the appeal without prejudice so that the issue could again be redetermined by the trial court.

What the trial court may determine in relation to the military pension will undoubtedly have an effect on the remaining issues. The wife contends that the trial court erred in allowing child support in the amount of $100 per month for each child and in not requiring the husband to pay the medical expenses of the children which exceed the coverage of his military medical insurance. How the trial court treats the military pension may affect the child support issue. Without question, the amount of child support which the husband can pay will depend on how the trial court treats the military pension. While the issue of medical coverage may not depend on the handling of the military pension, we will not tie the trial court's hands where the property division must be redone.

-2-

The same is true of the wife's claim that she should have been granted maintenance in the amount of $150 per month for two years to enable her to receive training as a licensed practical nurse. Whether she is entitled to maintenance may depend, at least in part, upon how the trial court treats the military pension.

The wife also requested that the trial court compel the husband to pay her $1,200 for moving expenses so that she can move back to Missouri. Again, whether she should receive this payment may well depend on how the trial court treats the military pension.

We will not purport to fashion a formula for consideration and disposing of the military pension as a marital asset where the trial court has not done so. The situation here is undoubtedly complicated, in that the husband has not yet retired (at least as far as we know), although he is eligible now to do so. If he chooses not to retire presently, he obviously will not be getting any pension benefits. This problem has arisen in other states, and has been handled in the context of varying fact situations. See, for example, Shill v. Shill (1979), 100 Idaho 433, 599 P.2d 1004; In Re Marriage of Jacobs (1978), 20 Wash.App. 272, 579 P.2d 1023; In Re Marriage of Brown (1976), 126 Cal.Rptr. 633, 544 P.2d 561; Cearley v. Cearley (Tex. 1976), 544 S.W.2d 661. These cases may be helpful in reaching an equitable solution in this case.

We note that the trial court failed to rule on the wife's request that she be given $1,200 for moving expenses. It is, of course, possible that in light of a new property division, the wife will not make this request. But if she does, the trial court is directed to rule on her request. A failure to rule on it only makes needless work for us because

-3-

we would be compelled to remand again for a determination. We also note, however, that the wife did not again ask the court to rule on her request after it had failed to do so. She should have done this. See Rule 52, M.R.Civ.P.

The final issue raised by the wife is her claim that the trial court should have ordered the husband to pay her attorney fees. Although the trial court determined that the wife had sufficient assets to pay them herself, these findings were not based on the actual financial condition of the wife. We will not reach the attorney fee issue here in light of our decision that the property must be redistributed to reflect the military pension as an asset, but the trial court is instructed that if the issue arises again, it must set forth the required findings and conclusions as to why they were or were not awarded. Kronovich v. Kronovich (1978), ___ Mont. ___, 588 P.2d 510, 514, 35 St.Rep. 1946, 1952.

The judgment is vacated with exception to the decree granting dissolution, and this case is remanded to the trial court for redetermination.

_____
                                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices

-4-