**Rosemary LANDANARF,\* Petitioner,**

v.

**Victor T. LANDANARF, Respondent.**

Family Court of Delaware,
New Castle County.

Submitted July 17, 1981.

Decided Aug. 17, 1981.

GALLAGHER, Judge.

On April 23, 1981, an uncontested divorce was granted in this action. Immediately following the entry of the divorce decree there was a contested ancillary proceeding. One of the major issues is whether respondent's (husband's) military pension benefits are marital property so that a portion thereof might be allocated to petitioner (wife) or, at least, that an offsetting award of marital property be made to wife to compensate her for husband being permitted to retain his pension benefits intact.

The law was in a confused state when the hearing was concluded on April 23, 1981. In the interim, the Supreme Court of the United States spoke in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Following that decision counsel submitted, at my request, supplemental memoranda to assess the impact of *McCarty* on the decision to be made here.[1]

The parties were married in 1960, following husband's graduation from West Point.

---

\* A pseudonym adopted to protect the privacy of the parties.

1. This opinion also disposes of ancillary matters relating to alimony, allocations of marital property and counsel fees. Only that aspect of

Wife had graduated a year earlier from college. During the next three years the parties had three sons, all of whom are now adults.

During the first nine years of the marriage, wife was a housewife and mother caring for her three young sons. She did succeed in gaining some additional education credits and taught school during those years. As would be expected, husband was transferred from one army post to another and wife and children followed husband to a succession of duty stations.[2] During the marriage, their life style was not too dissimilar to that expected of an army family. They did the normal, expected things, and had the normal, expected vacations. From time to time, they spent more money than was being earned. Frequently, the children were enrolled in private schools. For two years the husband was stationed in Germany. The entire family was there. They did the expected traveling throughout Europe. In 1979, husband reported to the Army War College while wife remained with their sons in Delaware. This was the first deliberate marital separation. Expenses naturally increased with two households to be maintained. In 1980, having completed his term at the War College, husband moved on to his next assignment. Wife remained in Delaware, until 1980, when she accepted a government teaching position in Europe. The marriage effectively ended on July 7, 1980, twenty years and one month after it began.

Husband earns much more income than wife. He holds the regular army commission of lieutenant colonel. By contrast, wife has little job security. Her teaching contract expires in 1982. She has no assurance that her contract will be renewed. Alimony, therefore, would not only supplement her present income (bringing her somewhat nearer to her former standard of living), but could very well be her only income if her employment should end next year. The marital property which wife will receive is about 71% of the total thereof. However, there is a substantial asset (the military pension) which, as we shall see, the court is powerless to treat as marital property. The value of the military pension benefits, according to the parties, ranges between $40,000 to $218,751.

■ Normally, pension benefits are regarded as marital property under Delaware law and, as such, are subject to division and allocation between the parties. *Husband B. v. Wife B.*, Del.Super., 396 A.2d 169 (1978). But that holding did not involve a military pension and, of course, came before *McCarty, supra.*

I analyze *McCarty*[3] as enunciating the law as follows:

1. Military retirement benefits are not to be included in a divorced couples' community or marital property so as to be subject to equal division or to equitable distribution.

2. A state court may not make an offsetting award of other property to compensate for the fact that the non-military spouse cannot share military pension benefits. Cf., *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979).

3. The Supreme Court decisions do not preclude this court from considering husband's military pension benefits *as a factor* in allocating marital property, constituting . . ." an opportunity . . . for future acquisitions of capital assets and income." 13 Del.C. § 1513(a)(5).

■ I hold that the United States military pension is not marital property under Delaware law.

■ Petitioner contends that respondent stipulated at the hearing that the military

the opinion dealing with the treatment of military pensions is considered for reporting purposes.

2. Wife was not unfamiliar before marriage with military life since she was born overseas while her father was serving as an officer in the U.S. Army. Her Brother is also an officer in the U.S. Army.

3. There is an excellent article on McCarty in the July 1981 issue of *Equitable Distribution Reporter*, pages 1 thru 6, which is most helpful.

pension is marital property (even though legally it is not) and that that stipulation (despite *McCarty*) empowers the court to treat the military pension benefits as if they were marital property. Respondent denies that he ever made such a stipulation. I am convinced that there was such a stipulation. The joint asset report signed by both parties indicates that the military pension benefits are a marital asset. When husband's counsel addressed the court on the day of the hearing, he stated quite clearly that the court has the power to allocate the military pension and that it can be taken into account. Of course, husband's position became quite different when memoranda were submitted to the court. Still, I do not feel that the stipulation makes any difference to the result. In the final analysis, the question whether the pension is marital property is not a question of fact but a question of law and husband cannot stipulate away his military pension benefits. Cf., *Swift & Co. v. Hocking Valley Railroad Ry. Co.*, 243 U.S. 281, 37 S.Ct. 287, 61 L.Ed. 722 (1917).

Since the military pension benefits are not marital property, I cannot award a portion of the pension or its benefits to wife nor can I value that asset and then allocate an offsetting award of marital property to wife as the non-military spouse; and the stipulation does not alter this result. I will, however, consider the existence of the military pension in allocating marital property between the parties.

IT IS SO ORDERED.