**Robert D. JEFFREY, Appellant,**

v.

**Emery Joy KENDRICK, Appellee.**

**No. 9261.**

Court of Civil Appeals of Texas,
Amarillo.

Aug. 19, 1981.

Ronald E. Massingill, W. Bruce Woody and Charles J. Quaid, Law Offices of Ronald E. Massingill, Dallas, for appellant.

Walter P. Wolfram, The Wolfram Law Firm, Amarillo, for appellee.

COUNTISS, Justice.

■ This appeal is from a trial court judgment awarding appellee Emery Joy Kendrick a portion of the military retirement benefits of her former husband, appellant Robert D. Jeffrey. We reverse and render.

Mr. Jeffrey joined the United States Air Force in 1960 and married Mrs. Kendrick in 1961. During their marriage, they resided in the community property states of California and Texas a majority of the time. The parties were divorced in Dallas County, Texas in 1976 and Mr. Jeffrey retired from the Air Force in 1980. Mr. Jeffrey had accumulated 240 months of continuous service as an officer at retirement and was entitled to receive military retirement benefits. The 1976 divorce decree expressly failed to make any division of the military retirement benefits. Mrs. Kendrick filed this suit in 1979, seeking a portion of the benefits. After a bench trial, the trial court entered judgment awarding Mrs. Kendrick 37.5% of the benefits.

Mr. Jeffrey perfected an appeal to this court and, by three points of error, contends the trial court misapplied California law in calculating the number of months the parties resided as husband and wife in that state. Subsequent to submission of the case to this court, the United States Supreme Court decided *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). We then requested supplemental briefs, Tex.R.Civ.P. 431, in order to be advised of the parties' views on the effect of the *McCarty* case on the trial court's judg-

ment. In his supplemental brief, by a fourth point of error, Mr. Jeffrey contends the *McCarty* case forbids award of any of his military retirement benefits to Mrs. Kendrick. With reluctance but commendable candor, Mrs. Kendrick agrees. We also agree.

*McCarty v. McCarty* was a divorce case originating in California. The trial court awarded Mrs. McCarty 45% of Mr. McCarty's military retirement benefits, and the award survived the California appellate process. It was eliminated, however, by the United States Supreme Court, which held that United States law precludes a state court from dividing military retirement benefits pursuant to state community property laws. The Supreme Court's rationale was two-fold: (1) there is a conflict between the military retirement statutes of the United States, which confer a "personal entitlement" on the military retiree, and state community property principles, and (2) the community property principles must yield because "it is manifest that the application of community property principles to military retired pay threatens grave harm to 'clear and substantial' federal interests." *Id.* at ——, ——, 101 S.Ct. at 2741.

The consequences of the *McCarty* decision are apparent. Henceforth, Texas courts may not award one spouse a portion of the other spouse's military retirement benefits.* The contrary principle, enunciated in *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), and subsequent cases, has been abrogated because it threatens "grave harm to 'clear and substantial' federal interests." We have no choice, therefore, except to hold that the trial court erred by awarding Mrs. Kendrick a portion of Mr. Jeffrey's military retirement benefits. Mr. Jeffrey's fourth point of error is sustained.

■ Mrs. Kendrick suggests that costs should be taxed against Mr. Jeffrey because of the "fortuitous circumstances" that permitted Mr. Jeffrey to prevail. Rule 448

---

* We express no opinion on the effect of the *McCarty* case on those cases where the judgment is final.

entitles Mr. Jeffrey to recover his costs as the successful appellant, subject to this court's power to "otherwise tax the costs for good cause." Tex.R.Civ.P. 448. We conclude that the circumstances of this case are not good cause justifying a departure from the general rule.

The judgment of the trial court is reversed and judgment is here rendered that Mrs. Kendrick recover nothing by this suit. Costs are taxed against Mrs. Kendrick.