Argued and submitted June 12, affirmed in part,
reversed in part and for remanded August 31, 1981

## In the Matter of the Marriage of

### HAWKS,
*Appellant,*
*and*
### HAWKS,
*Respondent.*

(26283; CA 19703)

633 P2d 34

Craig P. Emerson, Redmond, argued the cause and filed the brief for appellant.

Brian J. MacRitchie, Bend, argued the cause for respondent. With him on the brief were Neil R. Bryant, and Gray, Fancher, Holmes & Hurley, Bend.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

PER CURIAM.

## PER CURIAM.

Husband appeals from a decree of dissolution, contending that the property division is so disproportionate that it is not a just and equitable division. As a part of the division of property, the decree awards wife a sum equal to one-half of the military retirement benefits presently being received by husband as and when he receives those benefits; no spousal support is awarded.

Subsequently to the argument of this case in this court, the United States Supreme Court decided the case of *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981), which holds generally that military retirement benefits are the personal entitlement of the retiree and may not be divided in a dissolution proceeding.

Because neither the parties, nor the trial court, had an opportunity to consider *McCarty,* and because any significant change in the property division necessarily involves the appropriateness of an award of spousal support, we deem it appropriate to remand the case to the trial court to reconsider those portions of the decree in light of *McCarty. Pearce and Pearce,* 53 Or App 521, 632 P2d 501 (1981).

No objection is made to those portions of the decree relating to custody of the minor children or their support; they are affirmed.

Affirmed in part, reversed in part and remanded for reconsideration of the property division and spousal support. No costs to either party.