George Raymond MATTERN, Appellant,

v.

Matje MATTERN, Appellee.

No. 18504.

Court of Appeals of Texas,
Fort Worth.

Nov. 12, 1981.

Farrar & Claunch and Sidney Farrar, Fort Worth, for appellant.

Joe Shannon, Jr., Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

MASSEY, Chief Justice.

We reverse judgment rendered for divorce, division of property, and custody of children in this case and in the interest of justice remand the entire case for retrial.

Occasion therefor is not because of any error on the part of the trial court but because after there had been an appeal taken from the judgment (by defendant husband George Raymond Mattern complaining of disproportionate division of property with his wife Matje Mattern) the opinion was delivered in the famous case of *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

*McCarty* held that military retirement pay could not be divided under community property concepts in property division adjudications by trial courts upon granting any party a divorce, that as applied to military retirement benefits any anticipated future receipt of such by the serviceman or servicewoman was and would be the separate property of such person and, furthermore, should not be considered on trial of a divorce case.

(We take occasion to observe that there would be no way to have the fact of anticipated receipt in the future of military retirement pay by one or both the parties concealed from a judge trying a divorce case. Certainly the fact would bear upon the relative circumstances and resources in which the parties to a divorce case will find themselves upon and after dissolution of their marriage. In the disposition of any (other) property of the parties to be divided a trial court cannot help but consider the fact of known contingent future assets to be received by one of the parties over and above those, if any, to be received by the other.)

We permitted Mattern to supplement his brief and add ground of error complaining of any division of his contingent entitlement to military retirement pay after date of the divorce decree. Availability of the ground stemmed from the *McCarty* decision. By reason of that decision reversible error is made to appear in the instant case where the divorce judgment allocated a percentage of the husband's future military retirement pay to the divorced wife. The point presented is sustained.

We hold Mattern's complaint of the judgment by his original point of error (predating the Supreme Court opinion in *McCarty*) to be unsound and not to present occasion to disturb the judgment.

As did the court in *Jeffery v. Kendrick*, 621 S.W.2d 207 (Tex.Civ.App.—Amarillo 1981, not yet reported), we express no opinion on the effect of *McCarty* in those cases where judgments have become final with no appeal taken.

Judgment reversed, with cause remanded.