(644 P.2d 1365)
No. 53,241

MARLA SUE GRONQUIST, *Appellant,* v. BRADFORD W. GRONQUIST, *Appellee.*

Opinion filed May 20, 1982.

*Murvyl M. Sullinger,* of Pittsburg, for appellant.
*Gail Christy,* of Pittsburg, for appellee.

Before SPENCER, P.J., PARKS, J., and RONALD D. INNES, District Judge, assigned.

PARKS, J.: This is a divorce action in which the plaintiff-wife appeals the property division and award of custody of the minor daughter to defendant-husband. Defendant cross-appeals the court's authority to divide as property his military retirement pay.

At oral argument, this court was advised by counsel for both parties that the minor daughter is now in the custody of the plaintiff. Therefore, this issue is moot and will not be considered in this opinion.

The remaining issue on appeal is whether the trial court abused its discretion in dividing the property of the parties. As part of the property division, the trial court awarded payment of one-third of defendant's military retired pay to the plaintiff. We shall first consider defendant's cross-appeal of this award.

In *McCarty v. McCarty,* 453 U.S. 210, 69 L.Ed.2d 589, 101 S.Ct. 2728 (1981), the United States Supreme Court held that federal law precluded a state court from dividing military non-disability retired pay pursuant to state community property law, upon dissolution of marriage. The Court discussed the status of retired pay as either current or deferred compensation but determined that its classification as one or the other was unnecessary because application of state community property law conflicted

with the federal law. The Court then concluded that this conflict was a serious one which could injure the objectives of the federal program. For this reason, the Court concluded that under the Supremacy Clause, U.S. Const. art. VI, cl. 2, the federal scheme of military retirement benefits preempts state community property law.

Defendant contends that *McCarty* controls this case and that the district court was without authority to award a portion of his military retirement pay to plaintiff. Plaintiff argues that this case is distinguishable because the division of property in a fair and equitable manner pursuant to K.S.A. 1981 Supp. 60-1610(*d*), unlike the division effected by applying community property law, is neither in conflict with the federal law nor injurious to its purposes. To determine whether *McCarty* may be distinguished from this case it is necessary to examine the reasoning of that case fairly closely.

A majority of the *McCarty* Court held that the federal scheme for paying military retirement benefits conflicted with the community property law of California because the retirement pay was intended to be a personal entitlement of the retired service member. Thus, the Court held that to permit a state to classify retired pay as community property subject to the equal interest of each spouse would conflict sharply with the federal purpose of securing the pay as a benefit subject only to the personal desires of the individual retiree. In sum, federal law gave the retired pay to the service member alone and state law could not force it to be shared.

Once the Court concluded that the state law conflicted with the federal provisions, it went on to consider whether this conflict was so grave as to require preemption. In concluding that it did, the Court held that the community property division had the potential to frustrate the federal goals of providing for the needs of the retired service member as foreseen by Congress and of meeting the personnel management needs of the active military forces. The latter goal could be disrupted, according to the Court, because the possibility that a state might diminish one's retirement pay during divorce would decrease the incentive to enlist in the military or to retire at a youthful age.

Plaintiff contends that *McCarty* does not control this case because an equitable division of property under Kansas law does

not conflict with federal goals. Plaintiff correctly points out that unlike community property states, Kansas law does not require an equal split of all property acquired during the marriage but, rather, gives the court discretion to consider all of the property, regardless of when acquired, to arrive at a just and reasonable division. K.S.A. 1981 Supp. 60-1610(*d*); *Smith v. Smith,* 5 Kan. App. 2d 117, 120, 612 P.2d 1257 (1980). Thus, there is a significant theoretical difference between Kansas law and community property law since in Kansas the court has discretion to award marital property entirely to one party so long as the overall division is fair. Property acquired during the marriage may continue to be identified as that of one party although the other party to the divorce will have the right to some offsetting value accomplished either within the property division or by the award of alimony.

The import of the difference in Kansas law from community property law is that a property division here may take military retirement pay into account without automatically conflicting with the federal goal of securing control over retired pay to the retiree alone. However, in this case, the trial court in making its reasonable division ordered a portion of the retired pay to be paid to the plaintiff. Thus, the court took away a part of a personal entitlement governed by federal law. Under the rationale of *McCarty,* such an award would conflict with federal law whether effected by classification as community property or the exercise of judicial discretion. Moreover, the possibility of retirement pay being divided in Kansas poses just as great a threat to the federal goals sought to be protected in *McCarty* as would the classification of the pay as community property. Therefore, we conclude that military retirement pay may not be divided in a divorce in Kansas any more than it may be in California. However, *McCarty* does not appear to prohibit the consideration of the retirement pay as income to be considered in awarding alimony or to consider the retired pay as property which may not be alienated from the retiree but the value of which may be considered in dividing the remaining property.

Because no single asset may be viewed independently in adjudicating a property settlement, the case is reversed and remanded for reconsideration of the property division.