Argued and submitted August 11, affirmed November 10, 1982

In the Matter of the Marriage of
SMEDLEY,
*Respondent,*
*and*
SMEDLEY,
*Appellant.*

(No. 80-3542-NJ-1, CA A24233)

653 P2d 267

Anthony T. Rosta, Eugene, argued the cause and filed the brief for appellant.

Daniel C. Thorndike, Medford, argued the cause for respondent. With him on the brief was Blackhurst, Hornecker, Hassen & Brian, Medford.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Husband appeals from a decree of dissolution that awarded wife the entire unpaid balance due on the parties' home, which has been sold. He contends that the trial court erred in that it awarded the balance on the house to wife as an offset against his military retirement pay. We affirm.

The parties were married in 1958. They have four emancipated children. Husband was in the Air Force from 1956 until he retired in 1976; he receives military retirement pay of $771.30 per month net. Wife has worked during the marriage in various positions, mainly with the federal government. She is currently employed by the Bureau of Land Management (BLM) at a net salary of just under $1,000 per month. Both parties are 44 years of age.

When the parties separated in 1978, wife kept most of the furniture and household items and a station wagon. Husband kept a motor home, pickup truck and some guns. A $6,000 savings account was equally divided. The parties' home was sold before the hearing; a $32,000 down payment was divided equally between them. Until the hearing, each was receiving one-half of the monthly interest payments and was a co-payee on a note for the remaining $38,000 balance on the house, due in March, 1983.

An expert witness testified at trial that husband's military retirement had a present value of $118,745. Wife has an expectation of retirement benefits if she continues to work for the BLM until she reaches the age of 62; she had contributed approximately $4,500 to that retirement account at the time of trial. Her benefits on retirement will be greater than her contributions, but this record does not disclose either what they will be or what the present value of her pension is.

At the close of the evidence, the trial court stated:

"The only asset left to the parties which has not been divided is the contract * * * of $38,000. Now, both of you apparently are capable of working, identical age, both 44 years of age, she has her pay and you get your retirement * * *.

"* * * At your age I would gather that you would want to work * * *. Your wife is going to be limited to her pay

until she is 62, which is usually 20 years down the line, so it seems to me that an equitable disposition would be to simply give each party whatever they have in their present possession, the furniture and the mini-home tend to offset each other, you have already divided the cash which you received. I think I am not going back and undo what you bargained for, and your bank accounts were distributed as you saw fit at that time, and I am not going to undo that, but it would seem to me that an equitable distribution would be to grant her the trust deed, and no interest at all in your retirement pay because I can't according to *McCarty*. That might seem unfair to you, Mr. Smedley, but I hope I have tried to explain some of the reasoning so you understand what I am saying. You are walking out of your marriage with a guaranteed income for the rest of your life, and she is walking out with a questionable retirement * * *. She has got to live to 62 to collect, and you get yours the rest of your life so long as you live * * *."

Husband contends that the trial court erred in making an offsetting award to wife to compensate for husband's military retirement pay, relying on *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981), to which the trial court referred.

In *McCarty,* the Court held that military retirement pay is not community property subject to division upon dissolution of a marriage. We have determined that *McCarty* applies in Oregon even though Oregon is not a community property state. *Vinson and Vinson,* 57 Or App 355, 644 P2d 635, *rev den* 293 Or 456 (1982); *see Pearce and Pearce,* 53 Or App 521, 632 P2d 501, *rev den* 292 Or 108 (1981); *Hawks and Hawks,* 53 Or App 742, 633 P2d 34 (1981). We further indicated in *Vinson and Vinson, supra,* 57 Or App at 358, that, although *McCarty* prohibits the *division* of military retirement pay, it does not prevent those pensions from being "considered in making equitable property distributions * * *."

Strictly speaking, our view of *McCarty* in *Vinson* may have been slightly at odds with *McCarty's* underlying rationale. In *McCarty* the Court noted that, although military retirement pay may be subject to legal process to enforce child support or alimony obligations, the term "alimony" is defined to specifically exclude a property

settlement incident to the dissolution of a marriage. In a footnote, the court stated:

"* * * This limitation would appear to serve the same purpose as the prohibition against 'anticipation' discussed in *Hisquierdo* [*v. Hisquierdo,* 439 US 572, 588-89, 99 S Ct 802, 59 L Ed 2d 1 (1979)]. *Cf. Smith v. Commanding Officer, Air Force Accounting and Finance Center,* 555 F2d 234, 235 (CA9 1977). But even if there were no explicit prohibition against 'anticipation' here, it is clear that the injunction against attachment is not to be circumvented by the simple expedient of an offsetting award. *See Hisquierdo,* 439 US, at 588, 59 L Ed 2d 1, 99 S Ct 802. *Cf. Free v. Bland,* 369 US 663, 669, 8 L Ed 2d 180, 82 S Ct 1089 (1962)." 69 L Ed 2d at 603 n 2.

*Hisquierdo v. Hisquierdo, supra,* involved the application of community property rules to the disposition of benefits under the Railroad Retirement Act of 1974, 45 USC § 231 et seq. The wife there sought an offsetting award of property to compensate her for her husband's expected benefits under the Railroad Retirement Act. The Court stated:

"An offsetting award, however, would upset the statutory balance and impair [husband's] economic security just as surely as would a regular deduction from his benefit check. The harm might well be greater. * * *" 439 US, at 588.

Some other states that have considered the effect of *McCarty* and *Hisquierdo* on the distribution of property in the dissolution of a marriage have concluded that an award of property to offset a military retirement pension is not permissible. *See Rice v. Rice,* 103 Idaho 85, 645 P2d 319 (1982); *Pruitt v. Pruitt,* 622 SW2d 767 (Mo App 1981); *Landanarf v. Landanarf,* 441 A2d 641 (Del Fam Ct 1981); *see also Grotelueschen v. Grotelueschen,* 113 Mich App 395, 318 NW2d 227 (1982); *Sadler v. Sadler,* 428 NE2d 1305 (Ind App 1981); *but see Gronquist v. Gronquist,* 7 Kan App2d 583, 644 P2d 1365 (1982); *Karr and Karr,* 628 P2d 267 (Mont 1981), *cert den* 455 US 1016, 102 S Ct 384 (1982).

Recognizing the potential inequities created by *McCarty,* Congress has taken a hand. Public Law 97-252 (September 8, 1982) enacted the "Uniformed Services Former Spouses' Protection Act." That act provides, in pertinent part:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the juridiction of such court." Pub. Law 97-252, Sec.1002(a) amending 10 USC § 1408(c) (1).

Although the effective date of the law is February 1, 1983, *see* Pub. Law 97-252, Sec. 1006(a), and assuming there is some difficulty under *McCarty* with decrees such as the one entered in this case, we do not believe that it would be reasonable or equitable to interfere with the trial court's disposition of the parties' property. Husband has left the marriage with a guaranteed income for the remainder of his life, a retirement with a present value of $118,745. It was not error to award wife husband's remaining one-half interest in the $38,000 owing on the sale of their house.

Affirmed. Costs to respondent.