(685 P.2d 327)
No. 55,835

Jackie Lee Grant, a/k/a J. L. Grant, *Appellee*, v. Shirley M. Grant, *Appellant.*

Petition for review denied October 2, 1984.

Opinion filed August 9, 1984.

*John E. Bohannon,* of Topeka, for the appellant.

*Hal E. Desjardins* and *Paul D. Post,* of Topeka, for the appellee.

Before Foth, C.J., Parks and Briscoe, JJ.

Briscoe, J.: This is a divorce action wherein the defendant, Shirley M. Grant, appeals the trial court's division of property.

The plaintiff, Jackie Lee Grant, had been in the Air Force for three and one-half years when he married the defendant in 1955. He retired from military service in 1972 and at the time of trial he was receiving net monthly military retirement pay in the amount of $750.59. The couple had four children, two of whom were then minors, ages 15 and 17.

Plaintiff operated his own security service which showed a loss of $9,000 in 1982, part of which was attributable to depre-

ciation and mileage. The business paid the plaintiff $6,895.39 in expense reimbursement during the same period. Plaintiff's living expenses totaled $926.33 per month.

The defendant is employed as an office clerk and earns a net monthly income of $538.50. During most of the marriage she did not work outside of the home, except for babysitting, ironing and selling Avon products. Her living expenses totaled $1,077.90 per month for herself and the two children.

The trial court, in granting the divorce, awarded the defendant custody of the two minor children and $200 monthly child support. She received in the division of property the family residence, a 1977 Chevrolet Nova, most of the household items, an insurance policy and the savings accounts. She also was awarded $150 monthly maintenance for 36 months.

The plaintiff received a 1975 Ford pickup and camper, a motorboat, the security firm and its checking account, some household items, an insurance policy and his military retirement pay.

Both of the issues raised on appeal challenge the trial court's treatment of the husband's military retirement pay. The first issue is whether the trial court abused its discretion in dividing the marital property by not valuing and dividing the husband's military retirement pay. The second issue is whether the trial court was required to make more detailed findings of fact as requested in the defendant's motion to alter and amend judgment. Specifically, the defendant is here again concerned with the military retirement pay and the court's failure to assign a value to it.

As regards the first issue, the defendant contends the trial court in its division of the marital property failed to comply with the requirements of K.S.A. 60-1610(*b*). The factors to be considered by the trial court and its discretionary powers in the division of property, as well as the scope of appellate review of property divisions, are summarized in *Bohl v. Bohl*, 232 Kan. 557, 561, 657 P.2d 1106, *appeal after remand* 233 Kan. 725, 665 P.2d 775 (1983):

"There is no disagreement on the rules governing division of property pursuant to divorce. The trial court is under a duty to divide the marital property in a 'just and reasonable manner.' K.S.A. 1981 Supp. 60-1610(*d*). In determining a just and reasonable division of the property the trial court should consider: (1) the ages of the parties; (2) the duration of the marriage; (3) the property owned by the

parties; (4) the present and future earning capacities of the parties; (5) the time, source and manner of acquisition of property; (6) family ties and obligations; (7) the question of fault when determined; and (8) the allowance of alimony or the lack thereof. [Citations omitted.]

" 'In a divorce action the district court is vested with broad discretion in adjusting property rights, and its exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse.' [Citations omitted.] '[D]iscretion is abused only where no reasonable [person] would take the view adopted by the trial court. If reasonable [persons] could differ as to the propriety of the action taken by the trial court then it cannot be said that the trial court abused its discretion.' [Citations omitted.]"

Defendant contends that the plaintiff's military retirement pay should have been valued at $97,600. Defendant bases this valuation upon the testimony of a life insurance actuary who testified as an expert witness at trial. The actuary compared the plaintiff's monthly retirement payment to an annuity paying the same monthly amount. He concluded that retirement pay of $881 per month, if purchased as an annuity to pay the same monthly amount, would cost $97,600. Defendant includes this valuation of the retirement pay in her computation of the percentage of net worth distributed to her. By her analysis, she received 28.5 percent of the net worth and the plaintiff received 71.5 percent. By plaintiff's computation, which assigns no value to retirement pay, the defendant received 93 percent of the net worth; the plaintiff, 7 percent.

The defendant urges this court to find an abuse of discretion in the trial court's failure to consider the military retirement pay as marital property with a determinable value. In addition, the defendant contends the pension should have been divided between the parties to allow the defendant 41 percent of each pension check. Defendant reaches this percentage by determining the percentage of plaintiff's military service which was completed during the marriage and then dividing that percentage in half.

K.S.A. 60-1610(b) states in pertinent part:

"The decree shall divide the real and personal property of the parties, whether owned by either spouse prior to marriage, acquired by either spouse in the spouse's own right after marriage or acquired by the spouses' joint efforts . . . ."

Kansas law does not require an equal split of all property acquired during the marriage, but rather gives the court discretion to consider all property to arrive at a just and reasonable division.

*LaRue v. LaRue,* 216 Kan. 242, 250, 531 P.2d 84 (1975); *Zeller v. Zeller,* 195 Kan. 452, 459, 407 P.2d 478 (1965). To determine what property is subject to division, the court looks to all property which is jointly or individually held by the parties when the divorce is filed. *Cady v. Cady,* 224 Kan. 339, 344, 581 P.2d 358 (1978).

There is no definitive Kansas authority on whether military retirement pay is marital property and, if so, how it is to be valued. This court in *Gronquist v. Gronquist,* 7 Kan. App. 2d 583, 644 P.2d 1365 (1982), concluded that the division of military retirement pay was prohibited under the federal law then in effect, noting the ruling in *McCarty v. McCarty,* 453 U.S. 210, 69 L.Ed.2d 589, 101 S.Ct. 2728 (1981). However, the court in *Gronquist* approved consideration of military retirement pay as income in awarding alimony, or as property the value of which may be considered in dividing the remaining property. 7 Kan. App. 2d at 585.

Since *Gronquist,* however, Congress has responded to the *McCarty* decision and enacted 10 U.S.C. § 1408 (1982), which provides in part:

"(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

"(2) Notwithstanding any other provision of law, this section does not create any right, title, or interest which can be sold, assigned, transferred, or otherwise disposed of (including by inheritance) by a spouse or former spouse.

"(3) This section does not authorize any court to order a member to apply for retirement or retire at a particular time in order to effectuate any payment under this section.

"(4) A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court."

With the passage of this statute the prior prohibition against the division of military retirement pay is removed. Therefore, if found to be marital property with determinable value under Kansas law, military retirement pay is subject to division in accordance with 10 U.S.C. § 1408.

Other jurisdictions have generally reached one of two results on the issue. Some have found a military pension not to be

marital property, although it may be considered in ordering division of the property. *Ellis v. Ellis*, 191 Colo. 317, 552 P.2d 506 (1976), is illustrative. In *Ellis*, the court summarized and held:

"The husband retired after 29 years of military service and not long after his commencement of a dissolution of marriage proceeding. The parties had been married for the last 20 years of his military duty. After his retirement, he was receiving both retirement pay and compensation from employment. The trial court took into consideration these two sources of income in ordering the husband to make payments to the wife for the support of herself and their minor children. The court declined to grant the wife's request that the retirement pay which would be payable to the husband in the future was 'property' subject to division in the dissolution of marriage proceeding. The court of appeals affirmed, as do we.

. . . .

"The statute provides that the court shall 'divide the marital property.' It further provides:

'All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property.' Section 14-10-113, C.R.S. 1973.

"The court of appeals has mentioned that the statute goes no further in the definition of property. We hold, as did the court of appeals, that military retirement pay is not 'property' under the dissolution of marriage act. Our reason is that it does not have any of the following elements: cash surrender value; loan value; redemption value; lump sum value; and value realizable after death." 191 Colo. at 318-19.

Cases similarly finding a military pension not to be divisible marital property include: *Paulsen v. Paulsen*, 269 Ark. 523, 601 S.W.2d 873 (1980); *Sadler v. Sadler*, 428 N.E.2d 1305 (Ind. App. 1981); *Savage v. Savage*, 176 Ind. App. 89, 374 N.E.2d 536 (1978); *Light v. Light*, 599 S.W.2d 476 (Ky. App. 1980); *Howard v. Howard*, 196 Neb. 351, 242 N.W.2d 884 (1976); *Baker v. Baker*, 546 P.2d 1325 (Okla. 1976). Each of these cases found, however, that the pension may be considered in dividing the other marital assets.

Other jurisdictions have found military retirement pay to be divisible marital property. In *Chisnell v. Chisnell*, 82 Mich. App. 699, 267 N.W.2d 155, *cert. denied* 442 U.S. 940, *reh. denied* 444 U.S. 887 (1978), the court relies on *In re Marriage of Fithian*, 10 Cal.3d 592, 111 Cal. Rptr. 369, 517 P.2d 449 (1974); *Kruger v. Kruger*, 139 N.J. Super. 413, 354 A.2d 340 (1976); and *Hutchins*

*v. Hutchins,* 71 Mich. App. 361, 248 N.W.2d 272 (1976), to conclude that vesting is not a relevant consideration and that military retirement pay is in fact deferred compensation subject to division. After the *McCarty* decision, *Chisnell* was questioned by the Court of Appeals of Michigan in *Grotelueschen v. Same,* 113 Mich. App. 395, 318 N.W.2d 227 (1982). See also *Daffin v. Daffin,* 567 S.W.2d 672, 679 (Mo. App. 1978) (pension earned by military service during marriage was marital property); *Ebert v. Ebert,* _____ Mont. _____, 616 P.2d 379 (1980) (vested military pension deemed divisible marital property).

Once found to be marital property, courts have based a division of military retirement pay upon a ratio determined by the number of months the parties were married while the husband was in the service, compared to the total number of months the husband served. *In re Marriage of Musser,* 70 Ill. App. 3d 706, 27 Ill. Dec. 240, 388 N.E.2d 1289 (1979). Defendant in the case at bar cites another Illinois case, *In re Marriage of Hunt,* 78 Ill. App. 3d 653, 34 Ill. Dec. 55, 397 N.E.2d 511 (1979), which employs the same method of division of a nonmilitary pension. Recognizing the difficulty of determining a present value for a pension, the trial court in *Hunt* retained jurisdiction to award the nonpensioned spouse a percentage of each payment. *E.g., Cearley v. Cearley,* 544 S.W.2d 661 (Tex. 1976).

Here, plaintiff's military retirement pay had no lump sum present value determinable when the divorce was filed. Military retirement pay has none of the qualities commonly attributable to. marital assets such as cash surrender value, loan value, redemption value, lump sum value, or a value realizable after the death of the retiree. *Ellis v. Ellis,* 191 Colo. at 318-19. In these respects, military retirement pay is similar to good will in a professional practice which our Supreme Court concluded in *Powell v. Powell,* 231 Kan. 456, 461-63, 648 P.2d 218 (1982), was not a marital asset subject to division. Military retirement pay is nothing more than a future stream of income which will cease at plaintiff's death. Defendant's comparison of military retirement pay to an annuity is not compelling as annuity value based upon estimated life expectancy provides only a speculative future value. We conclude military retirement pay has no present determinable value which would qualify it as a marital asset subject to division.

The trial court did not abuse its discretion in awarding the military retirement pay to the plaintiff. The trial court specifically considered the military retirement pay in its division of property. Acknowledging the change in federal law which would allow division of military retirement pay, the court followed the rationale reached by other jurisdictions in finding the retirement pay had no present property value. Plaintiff's military retirement pay was considered by the trial court as income which could serve as a source for payment of child support and alimony. This conclusion follows Kansas precedent. In addition, the fact that child support and alimony awards consume nearly half of the plaintiff's military retirement pay further establishes the equity of the property division.

Defendant's second issue is whether the trial court abused its discretion in failing to make more detailed findings of fact as requested by the defendant's motion to alter and amend judgment. Central to this issue is the trial court's refusal to place a value on the military pension.

The trial court in this case itemized in detail the property which was awarded to each party. Defendant relies on *Mies v. Mies,* 217 Kan. 269, 535 P.2d 432 (1975), to support her contention that the trial court must set a value on every piece of property awarded. *Mies,* however, addressed the issue of whether an adequate statement had been made by the trial court regarding *what* property was awarded, not its worth. 217 Kan. 269, Syl. ¶ 4.

In the case at bar, the findings of the trial court are adequate for review and are adequate to advise the parties. A comparison of the property valuations contained in the briefs shows disagreement only in the valuation of four items: the home, the two vehicles, and the pension. The parties are not in disagreement over the other eleven assets listed. The variance in the combined worth of the vehicles is $300. The home value variance is $7,500. None of these items, individually or separately, has enough disparity in value to shift the property division inequitably to the favor of one party or the other. Appraisals of these items were not offered by either party.

The focus of the motion is thus left upon the military retirement pay. The trial court in its hearing on the defendant's motion gave its rationale and legal basis for not placing a present value

on the pension's future earnings. Absent a finding by this court of an abuse of discretion in the manner in which the trial court divided the property and took into consideration the pension as a source of child support and maintenance, the defendant's argument is without merit.

Affirmed.