(809 P.2d 562)

No. 64,813

IN THE MATTER OF THE MARRIAGE OF SUSAN CORRINE KNIPP, *Appellee,* and EDWARD JOSEPH KNIPP, *Appellant.*

Petition for review denied June 11, 1991.

Opinion filed April 19, 1991.

*Allen Shelton,* of Clark, Shelton & Pratt, P.A., of Hill City, for appellant.

*John T. Bird,* of Glassman, Bird & Braun, of Hays, for appellee.

Before RULON, P.J., BRAZIL, J., and M. KAY ROYSE, District Judge, assigned.

ROYSE, J.: This is a divorce action in which the respondent husband appeals the property division. The sole issue is whether the trial court erred in dividing an account containing husband's social security disability benefits.

The facts are undisputed. Edward and Susan Knipp were married November 2, 1985. Edward had suffered a heart attack in 1983. During the marriage, Edward received a lump sum social security disability benefit of approximately $12,800. This lump sum was for disability suffered prior to the marriage.

After Edward received the lump sum payment, he invested it in an interest-bearing account. At the time of the divorce, $9,200 remained in the account. The court ordered $3,000 from that account set over to Susan as part of the property division.

The question whether a trial court may divide a lump sum social security disability award requires an examination of 42 U.S.C. § 407(a) (1988), the anti-assignment section of the Social Security Act. That section provides:

"(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and *none of the moneys paid or payable* or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." (Emphasis added.)

Susan argues that the anti-assignment section applies only to benefits not yet received. The United States Supreme Court, however, has determined that 42 U.S.C. § 407(a) applies to benefits received and deposited in a savings account. *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 34 L. Ed. 2d 608, 93 S. Ct. 590 (1973). In *Philpott*, petitioner Wilkes had received retroactive social security disability benefits. The Welfare Board sought to reach Wilkes' bank account holding the benefits, pursuant to a reimbursement agreement Wilkes had been required to sign to receive state assistance. Writing for a unanimous court, Justice Douglas reasoned that retroactive benefits placed in an account retained the quality of "moneys" within the scope of 42 U.S.C. § 407. Noting the "all-inclusive" language of the anti-assignment section, the Court held that § 407 "imposes a broad bar against the use of any legal process to reach all social security benefits." 409 U.S. at 417.

Susan argues that because social security benefits may be garnished in child support and alimony cases it is equally appropriate to subject paid benefits to property division orders. This argument is without merit. Congress expressly declared in 1975 that social security benefits are subject to legal process to enforce child support and alimony obligations. 42 U.S.C. § 659(a) (1988). See *Mariche v. Mariche*, 243 Kan. 547, 548-49, 758 P.2d 745 (1988). In 1977, Congress enacted 42 U.S.C. § 662(c) (1988), which restricts the meaning of alimony. Alimony "does not include . . . equitable distribution of property, or other division of property between spouses or former spouses." 42 U.S.C. § 662(c). Thus, while Congress has modified the anti-assignment rule for past-due child support or alimony, clearly it has not gone so far as to permit the courts to apportion social security payments in a property division order.

We conclude that the trial court erred in setting aside a portion of Edward's lump sum social security benefits to Susan in the property division order. However, the anti-assignment statute

does not prohibit a court from considering the value of a lump sum social security disability award in dividing the remaining marital property. *Cf. Gronquist v. Gronquist,* 7 Kan. App. 2d 583, 585, 644 P.2d 1365 (1982) (value of military retirement payment may be considered, even though military retirement cannot be divided under K.S.A. 1990 Supp. 60-1610[b] [superseded on other grounds by federal and state statutes]); *In re Marriage of Powell,* 13 Kan. App. 2d 174, 181, 766 P.2d 827 (1988), *rev. denied* 244 Kan. 737 (1989) (no abuse of discretion in awarding maintenance to wife, where husband's assets and income from social security disability sufficient to pay his basic needs and provide sizeable reserve). But *cf. Hisquierdo v. Hisquierdo,* 439 U.S. 572, 588-89, 59 L. Ed. 2d 1, 99 S. Ct. 802 (1979) (anti-assignment section of Railroad Retirement Act prohibits award of community property to offset spouse's expected future benefits).

Because no single asset may be viewed independently in adjudicating a property settlement, the case is reversed and remanded for reconsideration of the property division.