Nathan S. SMITH, Appellant,

v.

COMMANDING OFFICER, AIR FORCE ACCOUNTING AND FINANCE CENTER, Arthur R. Grimm and Jeannine Grimm, Appellees.

No. 76–3530.

United States Court of Appeals, Ninth Circuit.

June 2, 1977.

Steven M. Kipperman, argued, Kipperman, Shawn & Keker, Louis N. Haas, Haas & Najarian, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., Michael C. D'Amelio, Asst. U. S. Atty., argued, San Francisco, Cal., for appellees.

Before ELY and WALLACE, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

Smith appeals from an order of the District Court denying leave to amend the jurisdictional allegations of Smith's complaint and dismissing the action. We affirm.

The relevant facts are discussed in *Smith v. Grimm,* 534 F.2d 1346 (9th Cir. 1976). Briefly, Smith is an attorney who represented Grimm, on a contingent fee basis, in an action in which it was established that Grimm had been wrongfully discharged from the Air Force. Smith now seeks a declaration that he holds an attorney's lien on amounts of retirement pay the Air Force owes Grimm. Smith alleges that Grimm has refused to pay him 50% of the amounts recovered from the Air Force as agreed under the terms of the contingent fee agreement. We reversed a judgment in Smith's favor in *Smith v. Grimm, supra,* because we were unable to discern any basis of federal subject matter jurisdiction as to the individual defendants. We remanded the cause to the District Court with instructions to dismiss the action, but we stated, in an order denying a petition for rehearing and rejecting a suggestion for *en banc* rehearing, that "nothing in this order is intended to preclude such amendment of allegations of federal jurisdiction as the trial court may deem proper."

On remand, Smith filed a motion to amend his complaint. The District Court rejected each proposed jurisdictional amendment as inadequate and, as we have said, dismissed the action for lack of subject matter jurisdiction. Alternatively, the court held that even if the allegations were sufficient to confer jurisdiction, leave to amend would be denied because Smith could not prevail on the merits against the Government.

■ We agree with the district judge. Even if federal subject matter jurisdiction exists in this case under one or more of the proposed jurisdictional allegations, it was within the discretion of the district court to deny leave to amend when the amendment would be "futile" because Smith could not prevail on the merits because of the Government's immunity. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Brennan v. University of Kansas,* 451 F.2d 1287, 1289 (10th Cir. 1971); *Smith v. Grimm, supra* at 1351 n. 6 and 1352 n. 9.

■ The only proposed allegation which might support subject matter jurisdiction over the claim against the Grimms was a contention that the suit "arises under" 37 U.S.C. § 701(a). That statute allows Air Force officers, under regulations issued by the Secretary of the Air Force, to assign their pay accounts "when due and payable." [1] However, Smith cites no cases holding that an action by the assignee of an account allegedly assignable under 37 U.S.C. § 701(a) "arises under" that statute for the purposes of conferring federal question jurisdiction. Nor has our own research disclosed such a case. Moreover, we have already determined that the operation of the Anti-Assignment Act, 31 U.S.C. § 203, is "collateral" to this state law action and does not confer federal jurisdiction. *Smith v. Grimm, supra* at 1351. The statute upon which Smith now relies would, at most, carve out an exception to § 203 and raise, like that statute, federal questions "too attenuated or collateral to provide jurisdiction." *Id.*

AFFIRMED.

---

* Honorable William Matthew Byrne, Jr., U.S. D.J, Central District of California, sitting by designation.

1. We would interpret the quoted phrase as referring to the time when obligations, such as salaries, would ordinarily become "due and payable" in the first instance and not after becoming "due and payable" as a result of subsequent litigations.