[Nos. 46832-0, 47973-9.   En Banc.   September 9, 1982.]

*In the Matter of the Marriage of* KURT DESSAUER, *Appellant, and* HEDWIG DESSAUER, *Respondent.*

*In the Matter of the Marriage of* SUSAN L. SALERNO, *Respondent, and* SALVATORE SALERNO, *Appellant.*

*Simonarson, Visser, Zender, Brandt, Thurston & Miller,* by *Philip H. Brandt,* for appellant Dessauer.

*Hennings, Maltman, Weber & Reed,* by *William L. Maltman* and *Douglass A. North,* for appellant Salerno.

*John D. Pappas* and *Jeffrey T. Broihier,* for respondent Dessauer.

*Mary R. Smith,* for respondent Salerno.

DIMMICK, J.—We here review the trial court's present authority to divide or consider military nondisability retired pay in dissolution proceedings. We reverse the equal division of the pension in the Dessauer case and affirm the trial court's consideration of the husband's retirement income as an economic circumstance when awarding prop-

erty in the Salerno case.

## I

Kurt and Hedwig Dessauer were married in 1957. Mr. Dessauer is retired from the United States Army and receives military nondisability retired pay. In dissolution proceedings the parties agreed to a property division except for the military pension benefits. The Skagit County Superior Court approved the settlement and further ruled that appellant's retired pay was community property awarding Mrs. Dessauer $300 per month, one–half of the monthly benefits. Mr. Dessauer sought direct review of that decision. Action in this court was stayed pending a decision by the United States Supreme Court in *McCarty v. McCarty*, 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981), which held that federal law prevents a state court from dividing military nondisability retired pay pursuant to state community property laws. Thereafter, this court granted the trial court authority to reconsider its disposition of the retired pay, which was declined.

We have in the past recognized that a military pension is community property to the extent that community funds or community labor have been invested and thus may be divided. *Wilder v. Wilder*, 85 Wn.2d 364, 534 P.2d 1355 (1975). However, as noted above, the Supreme Court in *McCarty* expressly disapproved such a practice. In *McCarty*, the United States Supreme Court reviewed a California court's holding that military retired pay was quasi–community property and each spouse had an absolute right to a one–half interest in it. The Supreme Court reversed an order which required the husband to pay one–half of his monthly military pension to his ex–spouse. In doing so the Court held that federal law precludes courts, in community property states, from *dividing* military retired pay. It based its conclusion upon the language, structure and legislative history of the federal statutes. Those statutes indicate that the retirement pay is the service member's personal entitlement and must "'actually

reach the beneficiary.'" *McCarty*, at 228. Furthermore, the Court held that the consequences of a community property right in retired pay has the potential to frustrate the objectives of the federal program: to provide for the retired service member, and to meet personnel management needs of the active military forces. *McCarty*, at 232–35. The *McCarty* Court, however, recognized the plight of a retired service member's ex–spouse and stated that it may be mitigated by the ability to garnish the retired pay for purposes of support. *McCarty*, at 235.

The trial court in Dessauer classified the retired pay as community property and actually divided the benefits between the parties. *McCarty* dictates that the judgment awarding respondent a portion of appellant's retirement pay be reversed. *See In re Marriage of Jacanin*, 124 Cal. App. 3d 67, 177 Cal. Rptr. 86 (1981). Since the division of appellant's retirement benefits may have influenced the trial court's approval of the parties' property settlement or its failure to award spousal maintenance under RCW 26.09.090, we remand this matter.

## II

Salvatore and Susan Salerno were married in 1956. Mr. Salerno receives military nondisability retired pay for service in the United States Navy. The King County Superior Court in dividing the property considered this pension to be one of the chief assets before it since both parties listed the pension in their description of assets in their pretrial affidavits. The husband asserted it was his separate property and the court agreed because it was earned in a noncommunity property state. The court concluded: "So we don't have to consider the constitutional and Federal impact were we to find this community property." Although the judge discussed the value of the pension in terms of present dollar value, he specifically stated he did not consider this value in dividing the remainder of the property.

The court awarded substantially all the community property to Mr. Salerno. He received 6.4 acres of real prop-

erty on Vashon Island divided into two parcels which were completely paid for and on which were situated two rental mobile homes. In addition, he was awarded the equity in a third parcel of real property, a 1971 Volkswagen, a 1971 Chevrolet pickup truck, a travel trailer, and substantial personal property and effects. Mr. Salerno, age 45, was also awarded an earth moving business with expensive large equipment; and while the amount owed balanced out the equity so that the assets of the business were valued at zero by the court, the potential for income as well as depreciation tax benefits exists.

Mrs. Salerno, age 52, is unemployed and has limited work experience. She has worked as a waitress and as a stock clerk. Her last employment was in 1975 when she earned approximately $1,500. She has no training or vocational education, and has an eye problem that prohibits her from driving an automobile. The judge awarded Mrs. Salerno a sum of money equivalent to 75 percent of the community property's value and no spousal support. When doing so, he stated that the division was justified in view of the 25–year marriage, and the fact that Mrs. Salerno was 7 or 8 years older than Mr. Salerno, that she had limited skills and little work experience and by reason of her age and sex would have more of a problem taking care of herself than Mr. Salerno. The court noted that Mr. Salerno was "fairly well fixed" due to outside income from his pension, his earth moving business, and the real property rentals as well as the benefit of a return on the real property investment. The award to Mrs. Salerno was to be paid off at a minimum of $600 per month, with 10 percent interest, and the balance due in 5 years. Alternatively, the judge gave Mr. Salerno the option of deeding over to Mrs. Salerno one of the parcels of land valued at $36,400 thus reducing her $70,000 award by that amount.

The court denied appellant's motion for reconsideration made after the United States Supreme Court decided *McCarty*. Appellant contends that under *McCarty* the court erred in considering the military pension in any

respect.

The trial court in Salerno did not classify the retired pay as community property, nor did it divide it. Rather, the facts of Salerno raise a more difficult issue under *McCarty* as to whether a trial court may *consider* the fact that one spouse receives income from military retired pay or whether the trial court must ignore that income in ascertaining the economic circumstances of the parties in dividing other property pursuant to RCW 26.09.080.[1] The *McCarty* decision affords us little or no guidance since it only disapproved of actually dividing the retired pay thus "diminish[ing] that portion of the benefit Congress has said should go to the retired [service member] alone.'" *McCarty*, at 233.

Appellant points to language in *McCarty* which discusses the impropriety of an offsetting award as indicative of the Court's disapproval of such action as taken herein.[2] That

---

[1]RCW 26.09.080 provides:

"In a proceeding for dissolution of the marriage, legal separation, declaration of invalidity, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall, without regard to marital misconduct, make such disposition of the property and the liabilities of the parties, *either community or separate, as shall appear just and equitable after considering all relevant factors including,* but not limited to:

"(1) The nature and extent of the community property;

"(2) The nature and extent of the separate property;

"(3) The duration of the marriage; and

"(4) The *economic circumstances of each spouse at the time the division of property is to become effective,* including the desirability of awarding the family home or the right to live therein for reasonable periods to a spouse having custody of any children." (Italics ours.)

[2]The Court stated in the text of its opinion that "[r]etired pay cannot be attached to satisfy a property settlement incident to the dissolution of a marriage." *McCarty v. McCarty*, 453 U.S. 210, 228, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981). In a footnote the Court then discussed this point as follows:

In addition, an Army enlisted man may not assign his pay. . . . While an Army officer may transfer or assign his pay account "[u]nder regulations prescribed by the Secretary of the Army," he may do so only when the account is "due and payable." . . . This limitation would appear to serve the same purpose as the prohibition against "anticipation" discussed in *Hisquierdo* [*v. Hisquierdo,* 439 U. S. 572, 588–89, 59 L. Ed. 2d 1, 99 S. Ct. 802]. Cf. *Smith* v.

discussion, however, is inapplicable to the instant case. As noted above the trial judge valued the pension; however, he specifically did not consider that value in listing the parties' property. There is no indication in the record that the trial court offset property due to the value of the pension. Rather the court merely considered the fact that Mr. Salerno received a monthly income as an economic circumstance of the parties.

Appellant cites *In re Marriage of Larango,* 93 Wn.2d 460, 610 P.2d 907 (1980) as controlling. *Larango,* however, does not govern the result in the instant case. The only issue before us in *Larango* was whether a wife had a community interest in her husband's railroad retirement benefits which was subject to a "just and equitable division" between the parties. We held she had no such right pursuant to *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802 (1979). Although there appears to be language to the contrary, we did not decide the question as to whether the benefits were properly considered in making an equitable division of the property.

Subsequent to *McCarty* only one other court has addressed the issue before us but did so only parenthetically.[3] The court in *Mattern v. Mattern,* 624 S.W.2d 400,

---

*Commanding Officer, Air Force Accounting and Finance Center,* 555 F. 2d 234, 235 (CA9 1977). But even if there were no explicit prohibition against "anticipation" here, it is clear that the injunction against attachment is not to be circumvented by the simple expedient of an offsetting award.
(Citations omitted.) *McCarty,* at 228 n.22.

[3]Prior to the *McCarty* decision, the Montana State Supreme Court, a non-community property state, held:

It is a duty of the District Court, in apportioning the marital assets, to consider "the opportunity of each for the future acquisition of capital assets and income." . . .

. . . The District Court in this case was careful not to include the value of the military pension as a part of the marital estate. Instead, the District Court considered James' pension income, and his capacity to earn other income, in determining their respective opportunities for the future acquisition of capital assets and income. . . .

. . . We hold it proper, and in harmony with the principles of equity, that the District Court consider the income from a party's federal military retire-

400 (Tex. App. 1981) stated:

> (We take occasion to observe that there would be no way to have the fact of anticipated receipt in the future of military retirement pay by one or both the parties concealed from a judge trying a divorce case. Certainly the fact would bear upon the relative circumstances and resources in which the parties to a divorce case will find themselves upon and after dissolution of their marriage. In the disposition of any (other) property of the parties to be divided a trial court cannot help but consider the fact of known contingent future assets to be received by one of the parties over and above those, if any, to be received by the other.)

The Texas court states the obvious. We likewise hold that a trial court may consider the fact that one spouse is receiving or will receive income due to military retired pay in ascertaining the economic circumstances of the parties. There is nothing in *McCarty* directing us to hold otherwise. Without considering the true economic circumstances of the parties before it, the court would be unable to properly exercise its discretion and make a just and equitable distribution of the property as required by statute.

■ Appellant further maintains that his military retired pay was the only special consideration in this case and it did not justify the 75/25 percent division. He cites *Dickison v. Dickison,* 65 Wn.2d 585, 399 P.2d 5 (1965) and *Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970) for the proposition that absent special considerations community property should not be divided any more unevenly than two–thirds and one–third. In *Dickison* this court found the trial court had abused its discretion in awarding substantially all of the community property to the husband when there was no stated basis for doing so. In *Rehak,* however, the appel-

---

ment pension, earned during the marriage, in arriving at an equitable apportionment on the marital assets . . .

(Citations omitted.) *Karr v. Karr,* __ Mont. __, 628 P.2d 267, 274 (1981), *cert. denied,* 455 U.S. 1016, 72 L. Ed. 2d 132, 102 S. Ct. 1709 (1982).

It is instructive that even after *McCarty,* the Supreme Court declined to accept review in the Montana case of the issues presently before our Washington court.

late court upheld an award to the wife of most of the community property due to the equities involved. In the instant case there were special considerations beyond appellant's receiving income from the military pension warranting the division made by the trial court. Guidelines for a trial court to follow in distributing property in a dissolution proceeding are set forth in numerous cases as well as by statute. Such considerations include: the parties' necessities and financial abilities, their ages, health, education, and employment histories, and the duration of the marriage. A paramount concern is the economic condition in which the decree will leave the parties. *DeRuwe v. DeRuwe,* 72 Wn.2d 404, 433 P.2d 209 (1967). The trial court in dividing the community property properly and carefully articulated these very factors in exercising its discretion. Thus, we affirm.

In sum, a court may consider military nondisability retired pay as an economic circumstance of the parties when dividing property. However, the court must not characterize the retirement income as community property or divide it. Neither may it value the pension and offset property against that value. Accordingly, pursuant to the dictates of the *McCarty* decision, we affirm the trial court in Salerno; and reverse and remand in Dessauer.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, and PEARSON, JJ., concur.