**SEATTLE PACIFIC UNIVERSITY, Free Methodist Church of North America, the Pacific Northwest Conference of the Free Methodist Church of North America, Plaintiffs,**

v.

**Catherine HAAS, et al., Defendants.**

**No. C84–1787R.**

United States District Court, W.D. Washington, Seattle Division.

Aug. 30, 1985.

Denying Plaintiffs' Motion to Alter or Amend Oct. 7, 1985.

**540**

Chi-Dooh Li, Steven T. McFarland, Estep & Li, Seattle, Wash., for plaintiffs.

Winslow Whitman, Office of the Atty. Gen., Seattle, Wash., for defendants.

ORDER GRANTING DEFENDANT EEOC'S MOTION TO DISMISS AND GRANTING IN PART PLAINTIFFS' MOTION TO FILE A SECOND AMENDED COMPLAINT

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on defendant Equal Employment Opportunity Commission's motion for dismissal or summary judgment and on plaintiffs' motion for leave to file a second amended complaint. Also before the court is the Equal Employment Opportunity Commission's motion for an order striking plaintiffs' supplemental pleading or for leave to reply. The court has carefully considered the memoranda and other materials submitted in support of and in opposition to each motion.

## I. FACTUAL BACKGROUND

Seattle Pacific University ("SPU") is an educational institution affiliated with the Free Methodist Church of North America. As to both faculty and staff personnel, SPU's express policy is to hire only "evangelical Christians."

On August 4, 1983, Orin C. Church, Jr., sought employment as a warehouse person at SPU. At the SPU personnel office, Church was told that SPU hires only evangelical Christians. As Church was not an evangelical Christian, he did not submit an employment application.

On August 10, 1983, Church filed a complaint against SPU with the Washington State Human Rights Commission ("WSHRC"), which forwarded a copy of the complaint to the Equal Employment Opportunity Commission ("EEOC"). Exhibit A to Complaint for Declaratory and Injunctive Relief ("Complaint"). In this complaint, Church alleges employment discrimination based on creed. *Id.* Under the Washington law against discrimination, RCW 49.60.010–330, WSHRC is authorized to investigate complaints of employment discrimination and seek enforcement of the law against discrimination before an administrative law judge. Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 (1982), EEOC is authorized to investigate such complaints and seek enforcement of Title VII in federal court.

On September 6, 1983, EEOC sent SPU a form notice that EEOC had received a discrimination charge against SPU. Exhibit C to Complaint. The notice indicates that EEOC will defer to WSHRC but will "assume jurisdiction" after 60 days or upon termination of WSHRC proceedings, whichever occurs first. *Id.*

WSHRC investigated the Church complaint. EEOC has continued to defer to WSHRC and has never investigated the Church complaint. Exhibit 1 to EEOC's Memorandum in Support of Motion to Dismiss or Alternatively for Summary Judgment.

On October 3, 1984, and November 6, 1984, WSHRC issued determinations of reasonable cause to believe that SPU has engaged in unlawful employment discrimination against Church. Exhibits A & B to Plaintiffs' Memorandum in Opposition to EEOC's Motion to Dismiss or Alternatively for Summary Judgment ("Plaintiffs' Mem. Opp."). In these determinations, WSHRC expressly "asserts jurisdiction in this matter" under the Washington law against discrimination. *Id.* On November 15, 1984, the responsible WSHRC officer informed

plaintiffs' counsel that she planned to refer the matter for litigation. Exhibit C to Plaintiffs' Mem.Opp.

For purposes of the law against discrimination, the term "employer" is defined to exclude "any religious or sectarian organization, not organized for private profit." RCW 49.60.040. In effect, such organizations are exempt from the law's prohibition of employment discrimination. In the determinations of reasonable cause, however, WSHRC takes the position that the equal protection and establishment clauses of the United States Constitution require that the religious organizations exemption be construed to apply only to employment that is religious in nature. Exhibits A & B to Plaintiffs' Mem.Opp. This position is based at least in part on *Amos v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints,* 594 F.Supp. 791 (D.Utah 1984).

EEOC has not yet taken any position as to whether Title VII applies to SPU in general or to the alleged discrimination against Church in particular.

On January 8, 1985, plaintiffs SPU, Free Methodist Church of North America, and the Pacific Northwest Conference of the Free Methodist Church of North America filed this action for declaratory and injunctive relief. According to plaintiffs, the conduct of WSHRC and EEOC in this matter violates plaintiffs' constitutional and statutory rights. Plaintiffs seek (1) a declaratory judgment that under relevant constitutional and statutory provisions SPU is exempt from "any complaint, investigation, proceeding or action alleging employment discrimination on the basis of religion or creed," and (2) an injunction requiring defendants to dismiss the Church complaint and prohibiting defendants from "entertaining any complaint, conducting any investigation, or maintaining any proceeding or lawsuit" with respect to employment

discrimination by SPU on the basis of religion or creed.

## II. MOTION FOR DISMISSAL OR SUMMARY JUDGMENT

 EEOC seeks dismissal or summary judgment on the grounds that, *inter alia,* the controversy as against EEOC is not ripe for review. As the court agrees that the controversy is not ripe for review, the court does not consider the other possible grounds for dismissal or summary judgment raised by EEOC.

Under the ripeness doctrine, declaratory and injunctive relief are generally not granted in a controversy that is not "ripe" for review. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). In order to determine whether a controversy is ripe for review, a court must consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149, 87 S.Ct. at 1515. In the context of a challenge to an administrative action, the requisite fitness for judicial decision depends in part on whether the challenged action is "final agency action" under Section 10 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 704 (1982).[1] *Id.* at 149–52, 87 S.Ct. at 1515–17. *See also Federal Trade Comm'n v. Standard Oil Co. of Cal.,* 449 U.S. 232, 238–47, 101 S.Ct. 488, 492–97, 66 L.Ed.2d 416 (1980) (agency action not final, hence not ripe for review). The requisite hardship is a dilemma between disadvantageous compliance with a final agency action and the risk of prosecution and penalties. 387 U.S. at 152–53, 87 S.Ct. at 1517.

Plaintiffs seek declaratory and injunctive relief as to the Church complaint and all future charges of discrimination based on religion or creed. Plaintiffs claim that they are entitled to such relief under the

---

**1.** Plaintiffs assert that under *Abbott,* 387 U.S. at 149, 87 S.Ct. at 1515, fitness for review also depends on whether purely legal issues are presented. However, the court does not read *Abbott* to approve judicial review of interlocutory agency action merely because such action evokes concern over legal issues. The federal courts are not empowered to issue advisory opinions. *See Federal Communications Comm'n v. Pacifica Found.,* 438 U.S. 726, 734–35, 98 S.Ct. 3026, 3032–33, 57 L.Ed.2d 1073 (1978).

United States Constitution and under certain exemptions provided by Title VII.

Clearly, plaintiffs' claims are not fit for review. EEOC has taken no position with respect to the Church complaint [2] or to any possible future charges; there is no action, final or otherwise, to review. The relief plaintiffs seek is a judgment to "hold in readiness" against possible EEOC action. *See Public Serv. Comm'n v. Wycoff Co., Inc.,* 344 U.S. 237, 245–46, 73 S.Ct. 236, 241, 97 L.Ed. 291 (1952). Such a judgment would preempt EEOC's determination of its own jurisdiction and thereby improperly encroach on EEOC's internal procedures. *Id.* at 246, 73 S.Ct. at 241.

Plaintiffs' only hardship is the same hardship experienced by anyone who must act without the guidance of a definitive interpretation of the law. Whatever dilemma plaintiffs face arises from the mere existence of Title VII, not from any action by EEOC.[3] The mere existence of a statute does not create a controversy ripe for review. *Boating Ind. Ass'ns v. Marshall,* 601 F.2d 1376, 1384 (9th Cir.1979).

The court concludes that plaintiffs' claims against EEOC for permanent insulation from investigation or prosecution for discrimination based on religion or creed are not ripe for review. These claims must therefore be dismissed.

**2.** Plaintiffs point out that, on September 6, 1983, EEOC sent SPU a form notice that EEOC had received the Church complaint and that EEOC would "assume jurisdiction" no later than 60 days hence. Exhibit C to Complaint. The 60-day period is the required period of deferral to certified state agencies such as WSHRC. *See* 42 U.S.C. § 2000e-5(c) (1982). The reference to this period and the assumption of "jurisdiction" is standard and merely reflects that EEOC cannot address a complaint until this period ends. The reference does not indicate any decision or contemplated action on the part of EEOC. Plaintiffs also argue that WSHRC, as EEOC's agent, has issued determinations of reasonable cause and referred the Church complaint for litigation. This argument is without merit. WSHRC is not an agent of EEOC because WSHRC conducts no business on EEOC's behalf. The actions of WSHRC serve to enforce state law, which is not EEOC's concern.

## III. MOTION FOR LEAVE TO AMEND

Plaintiffs move for leave to file a second amended complaint. The proposed amendments are as follows: (1) addition of the Oregon Conference of the Free Methodist Church of North America and the Columbia River Conference of the Free Methodist Church of North America as plaintiffs; (2) addition of Charles Huey, recently appointed WSHRC Commissioner, as a defendant; (3) addition of WSHRC as a defendant; (4) addition of all WSHRC Commissioners as defendants in their individual capacities; (5) addition of all EEOC Commissioners as defendants in their official and individual capacities; (6) deletion of Orin C. Church, Jr., as a defendant; and (7) addition of an allegation of irreparable injury and no adequate remedy at law.

Under Fed.R.Civ.P. 15(a), leave to amend a complaint is "freely given when justice so requires." Under certain circumstances, however, leave may be denied.

The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.

*Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Ind. of So. Cal.,* 648 F.2d 1252, 1254 (9th Cir.1981). In opposition to plaintiffs' motion, defendants argue delay and futility.

**3.** Plaintiffs suggest that under *Abbott,* 387 U.S. at 152–56, 87 S.Ct. at 1517–19, hardship may be found wherever a person's actions are governed by a statute that may not be entirely clear or that may be affected by constitutional provisions. A person whose actions are so governed, they argue, faces a dilemma of possible violation of the law or disadvantageous compliance with the prevailing interpretation. As the court reads *Abbott,* however, claims for declaratory and injunctive relief against an administrative agency are ripe only if the plaintiff's dilemma arises from overt agency action or a positive threat of agency action. *See Air California v. United States Dept. of Transp.,* 654 F.2d 616, 622 (9th Cir.1981); *Boating Ind. Ass'ns v. Marshall,* 601 F.2d 1376, 1384. Otherwise, the agency is not an adverse party and no true controversy exists.

## A. Undue Delay

■ The WSHRC Commissioners assert that many of plaintiffs' amendments could have been accomplished at an earlier time. As this action was filed on January 8, 1985, and plaintiffs' motion for leave to amend was filed on May 16, 1985, plaintiffs' delay has been at most a few months. Such delay provides no basis on which to deny leave to amend.

## B. Futility of Amendment

### 1. EEOC

■ EEOC objects to the inclusion of EEOC Commissioners in their individual capacities. As the court has determined in Part II of this Order that plaintiffs' claims against EEOC must be dismissed, addition of claims against EEOC Commissioners in their individual or official capacities would be futile and should not be allowed.

### 2. WSHRC Commissioners

■ The WSHRC Commissioners object to their inclusion as defendants in their individual capacities. The court understands the objection as based on futility. In essence, the WSHRC Commissioners assert that plaintiffs state no claim against them in their individual capacities.

Plaintiffs point out that government officials may be personally liable for official acts that violate clearly established constitutional or statutory rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Although plaintiffs do not claim damages anywhere in the proposed second amended complaint, they do claim attorneys' fees as against WSHRC Commissioners and such other relief as the court may deem appropriate. Plaintiffs assert that damages may be appropriate as against the WSHRC Commissioners as individuals because plaintiffs' rights are clearly established.

The court concludes that inclusion of the WSHRC Commissioners in their individual capacities is futile and should not be allowed. Plaintiffs' only allegations against the WSHRC Commissioners involve an official act of law enforcement: the assertion of jurisdiction over SPU hiring practices. The Commissioners' assertion of jurisdiction cannot be considered unreasonable. There is legal authority for the Commissioner's position and the law concerning employment discrimination by religious institutions is far from settled.

## C. Conclusion

The court sees no reason to deny leave to amend as to all proposed amendments except those adding EEOC Commissioners as defendants and those adding WSHRC Commissioners as defendants in their individual capacities. With these exceptions, therefore, leave to file the proposed second amended complaint will be granted.

IT IS NOW, THEREFORE, ORDERED as follows:

1. EEOC's motion for dismissal or summary judgment is GRANTED. This action is dismissed without prejudice as to EEOC.

2. Plaintiffs' motion for leave to file a second amended complaint is DENIED as to addition of EEOC Commissioners as defendants and addition of WSHRC Commissioners as defendants in their individual capacities. The motion is GRANTED in all other respects.

3. EEOC's motion for an order striking plaintiffs' supplemental pleading or for leave to reply is STRICKEN as moot.

IT IS SO ORDERED.

The Clerk of the Court is directed to forward copies of this Order to counsel of record.

## ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND OR FOR RELIEF FROM ORDER

THIS MATTER comes before the court on plaintiffs' motion to alter or amend the court's Order of August 30, 1985. The court has carefully considered the memoranda submitted in support of and in opposition to this motion, together with the relevant file and records.

By the Order of August 30, 1985, the court granted defendant EEOC's motion to dismiss and granted in part plaintiffs' motion for leave to amend their complaint. Plaintiffs were denied leave to amend insofar as they sought to add as defendants the WSHRC Commissioners in their individual capacities.

The court's denial of leave to add the WSHRC Commissioners in their individual capacities was based on the qualified immunity of government officials. It is undisputed that government officials such as the WSHRC Commissioners are immune from liability for damages in connection with official acts, except insofar as such acts may violate clearly established constitutional or statutory rights. Since the only allegations against the WSHRC Commisioners involved assertion of jurisdiction over SPU hiring practices, and the court felt that this assertion of jurisdiction could not be considered unreasonable, the court concluded that addition of the WSHRC Commissioners in their individual capacities was futile and should not be allowed.

Plaintiffs now move to alter or amend the Order of August 30, 1985, so as to allow claims against the WSHRC Commissioners in their individual capacities. In support of this motion, plaintiffs raise three arguments.

First, plaintiffs assert that leave to amend a complaint can be denied on grounds of futility only if proposed allegations fail to state a claim on which relief can be granted. Since qualified immunity is an affirmative defense, plaintiffs argue, the court cannot consider possible qualified immunity on a motion for leave to amend a complaint. The court rejects this argument because a motion for leave to amend addresses the discretion of the court. It is clearly within the court's discretion to deny leave to amend where the proposed allegations cannot prevail against an immunity defense. *Smith v. Commanding Officer, Air Force Accounting & Finance Center,* 555 F.2d 234 (9th Cir.1977).

Second, plaintiffs assert that the merits of a qualified immunity defense involve factual and legal issues that the court cannot resolve on a motion for leave to amend. The court rejects this argument for two reasons: (1) The Order of August 30, 1985, resolved no factual issues. The court assumed the truth of plaintiffs' allegations. Among these allegations were that WSHRC received from one Orin C. Church, Jr., a complaint stating that he had inquired at SPU about a position as a warehouse person and that SPU had discriminated against him on the basis of creed; and that WSHRC found reasonable cause to believe that SPU had unlawfully discriminated against Church and asserted jurisdiction over the Church complaint. (2) The resolution of the chief legal issue was entirely appropriate. In *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Supreme Court held that the validity of a qualified immunity defense depends on the objective reasonableness of an official's conduct, as measured by reference to clearly established law. The *Harlow* decision plainly contemplates that the state of the law and the objective reasonableness of an official's conduct are issues for the court. If the court determines that the relevant law is not clearly established, then the defense prevails. In the present case, the court concluded that the law relevant to WSHRC jurisdiction over the Church complaint was not clearly established at the time WSHRC asserted jurisdiction. The only reason to have postponed this determination would have been to receive more exhaustive briefs from counsel, and the court considered such briefs unnecessary.

Third, plaintiffs assert that the court was simply wrong and that, contrary to the court's conclusion, the WSHRC Commissioner's assertion of jurisdiction over SPU hiring practices violated clearly established statutory rights. Specfically, plaintiffs assert that SPU, as a religious or sectarian organization, is exempt from WSHRC jurisdiction under RCW 49.60.040. It is true that the language of RCW 49.60.040 supports plaintiffs' position. At the time the WSHRC Commissioners asserted jurisdic-

tion over the Church complaint, however, there was certain case authority indicating that exemption of religious organizations from employment discrimination laws was constitutional only as to employment that is religious in nature. *See Amos v. Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints,* 594 F.Supp. 791 (D.Utah 1984). Plaintiffs cite no contrary authority in existence at the time. The court believes that the position taken by the WSHRC Commissioners was reasonable in light of contemporary authority. It is commendable that these officials should wish to behave in accordance with current interpretation of the Constitution. Therefore, the WSHRC Commissioner's qualified immunity defense will prevail as a matter of law, and the proposed claims against the WSHRC Commissioners in their individual capacities are futile.

IT IS NOW, THEREFORE, ORDERED that plaintiffs' motion to alter or amend or for relief from an order is DENIED.

The Clerk of the Court is directed to forward copies of this Order to counsel of record.